**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

PIERRE P. LEWIS
ADC # 124399                                                                                                    PLAINTIFF


V.                                    5:06CV00320 JLH/HDY


EBONY HARDING, CO-1, Varner Unit, Arkansas
Department of Correction; PATRICIA GOOLEY, Sgt., Varner
Unit, Arkansas Department of Correction;
JOHNNY GIBSON, CO-1, VARNER Unit,
Arkansas Department of Correction; and CURTIS GIBSON,
Captain, Varner Unit, Arkansas Department of Correction
DEFENDANTS


**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

1

the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **DISPOSITION**

Pending before the Court are Defendants' Motions for Summary Judgment (docket entries #12 and # 18) and the supplemental brief requested by the Court (docket entry #28). Plaintiff has submitted his Responses (docket entries ## 22, 25, 26, and 27), and the matter is now ripe for disposition.

Plaintiff filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging claims of retaliation. Defendants seek summary judgment, asserting that plaintiff failed to exhaust the prison administrative grievance system. Because the undisputed evidence supports the defendants's motion, the undersigned recommends that this case be dismissed without prejudice.

## I. Standard of Review

"Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law." *Clark v. Kellogg Co.*, 205 F.3d 1079, 1082 (8th Cir.2000); Fed.R.Civ.P. 56(c). If the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). To avoid summary judgment, the non-moving party must "show that admissible evidence will be available at trial to establish a genuine issue of material fact." *Churchill Bus. Credit, Inc. v. Pacific Mut. Door Co.*, 49 F.3d 1334, 1337 (8th Cir.1995). "Once the motion for summary judgment is made and supported, it places an affirmative burden on the non-moving party to go beyond the pleadings and by affidavit or otherwise designate specific facts showing that there is a genuine issue for trial." *Commercial Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271 (8th Cir.1992)(internal quotation marks and citations omitted). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In other words, if the evidence is so deficient that no reasonable juror could find in favor of the non-moving party, then summary judgment is appropriate. *See Foster v. Metropolitan Airports Comm'n*, 914 F.2d 1076, 1082 (8th Cir.1990).

## II. Analysis

### A. Factual Background

The Defendants in this case are CO-1 Ebony Harding, CO-1 Johnny Gibson, Sgt. Patricia

Gooley, and Captain Curtis Gibson. All were at work at the Varner Unit around noon on October 18, 2006, when Plaintiff asked to go to the law library to work on a motion to the United States Supreme Court.[1] When Defendant Harding refused to allow Plaintiff to do so, he prepared an "informal resolution," the first step in the inmate grievance process, against her. It is not clear from any of the pleadings what Defendant Gooley's participation in this scenario was, but she may have been consulted by Plaintiff and Defendant Harding about the requested trip to the law library. In any event, she did not allow Plaintiff to go there either.

Approximately two hours later a disciplinary charge was leveled against the Plaintiff for allegedly masturbating before the control room window while watching Defendant Harding. Defendant Gooley apparently participated in the drafting of the charge, and Defendant Harding signed it as the "charging officer." According to Plaintiff, Defendant Johnny Gibson, another CO-1, informed him of the charges against him. As for Defendant Captain Curtis Gibson, it appears that he was made aware of the charge, either by Plaintiff or the other Defendants, and "failed to investigate" Plaintiff's claim that the charge was written solely for the purposes of retaliating against him for having submitted a grievance against Defendant Harding regarding the law library access.

The Defendants have filed two Motions for Summary Judgment arguing that Plaintiff's Complaint should be dismissed because he has failed to exhaust his administrative remedies against them. The Motions are accompanied by an Affidavit executed by grievance supervisor Tiffanye Compton asserting that no documentation exists showing that Plaintiff has fully grieved the issues set forth in this lawsuit. Plaintiff has responded by providing copies of several grievance forms he

---

[1] It was not clear until Plaintiff's most recent pleadings in response to the pending Motion to Dismiss that there might be a denial of access to the court claim. To the extent that one may exist, it too would be subject to dismissal for failure to exhaust administrative remedies.

submitted, as well as his appeal of the disciplinary conviction. However, none of these show that Plaintiff has fully exhausted his administrative remedies prior to the filing of this cause of action; therefore, his claims should be dismissed.

### B. Legal Background

The PLRA requires a prisoner to exhaust administrative remedies before filing suit: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Congress's goal in enacting this statute was "to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 524-25, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Administrative remedies could eliminate the need for further litigation, weed out frivolous claims, or, at the least, create an administrative record for use in court. Id. at 525. "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Id*. at 524 *(citing Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)). "[A]n inmate must exhaust administrative remedies before filing suit in federal court . . . . If exhaustion was not completed at the time of filing, dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir.2003).

Section 1997e(a)'s requirement of exhaustion of administrative remedies is mandatory and applies to all inmate suits about prison life. *Porter*, 534 U.S. at 524, 532. Administrative remedies must be exhausted before the suit is filed, and in the case where they are not, dismissal is mandatory. *Johnson*, 340 F.3d at 627. There is no exception for claims alleging violations of constitutional

rights--indeed, almost all § 1983 claims allege such violations. The Supreme Court recently held that exhaustion under the PLRA is defined by the prison's grievance procedures, not by the text of the PLRA itself. *Jones v. Bock*, 127 S.Ct. 910, 922 (2007). Specifically, the Court overturned Sixth Circuit precedent that automatically dismissed for a plaintiff's failure to name defendants in the grievance procedure, finding that "exhaustion is not per se inadequate simply because an individual later sued was not named in the grievances." *Id.* at 922-23. The sufficiency of exhaustion is determined by looking to the prison's procedural rules governing the naming of individuals during the grievance procedure. *Id.* The Court found that the exhaustion requirement, while intended to alert prison officials to a problem, is not intended "to provide personal notice to a particular official that he may be sued." *Id* . at 923. The Supreme Court in *Jones* also held that a case should not be dismissed in its entirety if it contains one or more unexhausted claims. *Id*. at 924-25. The exhausted claims should proceed, and the unexhausted claims dismissed. *Id.* Before this decision, the Eighth Circuit, like the Sixth, required dismissal of the entire case if any claims were not exhausted. *See Graves v. Norris*, 218 F.3d 884, 885-86 (8th Cir.2000) (per curiam). In *McDowell v. Dawson*, No. 06-1485, 2007 WL 623776, *1 (8th Cir. Mar. 2, 2007), the court recognized that *Jones* overruled the prior Eighth Circuit rule that dismissal of an entire claim was required when the prisoner failed to exhaust any part of the claim.

### C. Analysis

In response to the Defendants' assertion that he had failed to complete the administrative remedy process, Plaintiff has presented the Court with four grievances that he contends satisfy the exhaustion requirement. The first, VU-06-00868, is dated October 10, 2006 (eight days before the incident in question here) and concerns an issue of classification and barracks assignment.

The second, VU-06-00981, dated October 20, 2006, names Defendants Harding and Gooley, and charges them with having disciplined him in retaliation for a previous grievance against them related to the denied law library request.[2] Plaintiff received the "Warden's/Center Supervisor's Decision" denying his claims on December 22, 2006, eleven days **after** this Complaint was filed on December 11, 2006. There is no appeal of that decision, nor a response to any appeal from the Deputy/Assistant Director, as is required to completely exhaust the administrative remedies available to an inmate at the Arkansas Department of Correction. Therefore, this grievance was not fully exhausted.

A third grievance, VU-06-01002, dated October 23, 2006, also alleges that Defendant Harding retaliated against him by charging him with the disciplinary. The denial by the Warden/Center Supervisor is also dated December 22, 2006, and there is no appeal of that decision. Therefore, this grievance is not fully exhausted.

The last grievance provided by Plaintiff is VU-07-00137, naming Defendant Captain Curtis Gibson, alleges claims of retaliation related to classification status. It was initiated after the filing of this case and, in any event, does not appear to be fully exhausted either.

Plaintiff did appeal the disciplinary conviction, through the level of Director Larry Norris, albeit **after** the filing of the instant case. However, this does not constitute timely exhaustion of the administrative remedies as they relate to his claims against the four named Defendants.

Therefore, in sum, Plaintiff has failed to exhaust his administrative remedies against any of the named Defendants as to any of the claims raised.

---

[2] None of the submitted documents appear to be the grievance that Plaintiff wrote on Defendant Harding that gave rise to the perceived retaliation.

### III. Conclusion

Accordingly,

IT IS, THEREFORE, RECOMMENDED that:

1) Defendants' Motions for Summary Judgment (docket entries #12 and #18) be GRANTED;

2) This cause of action be DISMISSED WITHOUT PREJUDICE; and

3) All other pending Motions[3] be DENIED AS MOOT.

DATED this __5__ day of June, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Docket entries #26 and #27 have been docketed as Motions based on Plaintiff's captioning of the documents. They are more in the nature of a Supplement to Plaintiff's Response to the pending Motions for Summary Judgment and have been treated as such in this recommendation.